07-4359-ag
Wang v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges*.

―――――――――――――――――――――――

| | |
|---|---|
| HU XIAO WANG v. HOLDER,[1] A077 309 639 | 07-4359-ag |
| YING LIN v. HOLDER, A077 977 210 | 08-0323-ag |
| PING PENG LAN v. HOLDER, A077 308 711 | 08-0843-ag |
| LI YU LI v. HOLDER, A072 783 599 | 08-1876-ag |

―――――――――――――――――――――――

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as respondent in these cases.

_____

**MIN LIM v. HOLDER,**                                    **08-4144-ag**
**A077 998 551**

_____

**FU CHEN v. HOLDER,**                                    **08-4461-ag**
**A076 506 652**

_____

**QIONGCHAO LIN v. HOLDER,**                              **08-5597-ag**
**A095 856 086**        _____

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that these petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA denying a motion to reopen[2] based on either the movant's failure to demonstrate changed country conditions sufficient to avoid the time and numerical limits applicable to such motions or the movant's failure to demonstrate *prima facie* eligibility for the underlying relief sought. *See* 8 C.F.R. § 1003.2(c). The applicable standard of review is well-established. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.

---

[2]The petitioner in *Qiongchao Lin v. Holder*, 08-5597-ag, also challenges the agency's underlying denial of her application for relief. We are without jurisdiction to consider that challenge. *See* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

2006).

The motions to reopen at issue in these petitions were each based primarily on the birth of one or more children to the Chinese citizen petitioners. For largely the same reasons this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), we find no error in the BIA's decisions. *See id.* at 168-72. Moreover, in light of the agency's underlying adverse credibility determinations in these cases, we find no error in the BIA's decisions declining to credit any unauthenticated evidence in the records and we find that it would be futile to remand for the BIA to review any such evidence that it did not explicitly consider. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

Some of the petitioners argue that the BIA failed to give sufficient consideration or importance to the unsworn statement of Jin Fu Chen, who alleged that he suffered forcible sterilization after his return to China based on the two children born to his wife in Japan. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after

a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since the remand in *Zheng*, the BIA has considered the Jin Fu Chen statement in numerous cases and has repeatedly concluded that it neither demonstrates material changed country conditions nor supports a well-founded fear of persecution. *See*, *e.g.*, *In re Ai Bin Chen*, No. A078 727 599 (B.I.A. 2009); *Mei Feng Weng*, No. A077 322 259 (B.I.A. 2009). Accordingly, it is clear that further consideration of the statement in cases in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). We cannot say, furthermore, that the agency's conclusion concerning the probative force of the statement involved any error of law.

Any arguments that the petitioners are eligible to file successive asylum applications based on changed personal circumstances are foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158-59 (2d Cir. 2008).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral

-4-

argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk