09-3459
Wu v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand eleven.

PRESENT: DENNIS JACOBS,
        *Chief Judge*,
     JON O. NEWMAN,
     PIERRE N. LEVAL,
        *Circuit Judges*.

———————————————————————————————

FENG YAN CHEN v. HOLDER,[1]          07-4870-ag
A097 150 142

———————————————————————————————

MEI JUAN ZHANG, AKA MEI JUAN ZHENG v.    07-5589-ag
HOLDER, UNITED STATES DEPARTMENT OF
JUSTICE,
A077 978 069

———————————————————————————————

WEN QIN OU v. HOLDER,         08-1238-ag (L);
A098 977 133            08-4314-ag (Con)

———————————————————————————————

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as respondent where necessary.

```
——————————————————————————————————————

YANNA CHEN, AKA YAN NA CHEN,                          08-3715-ag (L);
HAN TING LIN v. HOLDER,                               09-1991-ag (Con)
A099 564 538
A099 564 539               _____

——————————————————————————————————————

ZHONG DI GAO v. HOLDER,                               08-4392-ag (L);
A099 427 368                                          09-2098-ag (Con)

——————————————————————————————————————

KE LING ZHANG, SU PING ZHANG v.                            08-4469-ag
HOLDER,
A094 041 848
A098 689 330

——————————————————————————————————————

SU JIE HUANG v. HOLDER,                                    08-5893-ag
A094 046 294               _____

——————————————————————————————————————

LI ZHEN ZHU v. HOLDER,                                     09-0456-ag
A099 568 254

——————————————————————————————————————

REN CHAI YANG, AKA RENCHAI YANG,                          09-1661-ag
JING CHUN CHEN, AKA JINGCHUN CHEN,
AKA HAI RONG LIN, AKA HAIRONG LIN,
AKA HAI LIN v. HOLDER,
A099 930 937
A099 930 938

——————————————————————————————————————

CAIYUN WANG v. HOLDER,                                    09-2115-ag
A096 267 343               _____

——————————————————————————————————————

XIAO PING CHEN, YONG DI LI v.                             09-2287-ag
HOLDER,
A099 320 420
A099 320 421

——————————————————————————————————————
```

_____

**TING YI LIN v. HOLDER,**                          **09-2849-ag**
A075 780 271

_____

**BI YUN HUANG, AKA BI YUN YUANG,**                 **09-2939-ag**
**AKA VI YUN HUANG v. HOLDER,**
A094 813 601

_____

**RU CHEN v. HOLDER,**                              **09-2998-ag**
A099 927 476

_____

**XIAO ZHEN YANG v. HOLDER,**                       **09-3025-ag**
A093 408 725

_____

**BI HUI LIN v. HOLDER,**                           **09-3042-ag**
A094 046 300

_____

**YUN ZHI CHI v. HOLDER,**                          **09-3329-ag**
A099 928 058

_____

**LIN WU, LI GUANG DONG v. HOLDER,**                **09-3397-ag**
A078 736 061
A099 930 936

_____

**MEI YING WU, YONG XIU CHEN v. HOLDER,**           **09-3459-ag**
A093 397 371
A093 397 372

_____

**RONG LI, BAO LU LIN v. HOLDER,**                  **09-3550-ag**
A097 291 042
A099 592 334

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA either affirming the decision of an immigration judge ("IJ") denying asylum and related relief or reversing the IJ's decision granting relief. Some of the petitioners[2] also challenge decisions of the BIA denying motions to remand or reopen. In those cases in which the BIA affirmed the IJ's decision denying relief, we review both the IJ's and the BIA's opinions, *see Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008), and in those cases in which the BIA reversed the IJ's decision granting relief or denied a motion in the first instance, we review only the decision of the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable

---

[2]The petitioners in *Wen Qin Ou v. Holder*, Nos. 08-1238-ag (L), 08-4314-ag (Con); *Yanna Chen, Han Ting Lin v. Holder*, Nos. 08-3715-ag (L), 09-1991-ag (Con); *Zhong Di Gao v. Holder*, Nos. 08-4392-ag (L), 09-2098-ag (Con); *Su Jie Huang v. Holder*, No. 08-5893-ag; *Li Zhen Zhu v. Holder*, No. 09-0456-ag; *Ren Chai Yang, Jing Chun Chen v. Holder*, No. 09-1661-ag; *Xiao Ping Chen, Yong Di Li v. Holder*, No. 09-2287-ag; *Ting Yi Lin v. Holder*, No. 09-2849-ag; *Bi Yun Huang v. Holder*, No. 09-2939-ag; *Ru Chen v. Holder*, No. 09-2998-ag; *Xiao Zhen Yang v. Holder*, No. 09-3025-ag; *Yun Zhi Chi v. Holder*, No. 09-3329-ag; *Lin Wu, Li Guang Dong v. Holder*, No. 09-3397-ag; and *Rong Li, Bao Lu Lin v. Holder*, No. 09-3550-ag.

4

standards of review are well-established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, sought relief from removal based on their claim that they fear persecution because they have had one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's decisions. *See id.* at 158-72. Although the petitioners in *Jian Hui Shao* were from Fujian Province, as are most of the petitioners here, some petitioners[3] are from Zhejiang Province. Regardless, as with the evidence discussed in *Jian Hui Shao*, the evidence they have submitted relating to Zhejiang Province either does not discuss forced sterilizations or references isolated incidents of persecution of individuals who are not similarly situated to the petitioners. *See id.* at 160-61, 171-72.

Some of the petitioners[4] argue that the BIA failed to give

---

[3]The petitioners in *Ke Ling Zhang, Su Ping Zhang v. Holder*, No. 08-4469-ag; *Su Jie Huang v. Holder*, No. 08-5893-ag; *Ting Yi Lin v. Holder*, No. 09-2849-ag; and *Ru Chen v. Holder*, No. 09-2998-ag.

[4]The petitioners in *Wen Qin Ou v. Holder*, Nos. 08-1238-ag (L), 08-4314-ag (Con); *Yanna Chen, Han Ting Lin v. Holder*, Nos. 08-3715-ag (L), 09-1991-ag (Con); *Zhong Di Gao v. Holder*, Nos. 08-4392-ag (L), 09-2098-ag (Con); *Li Zhen Zhu v. Holder*, No. 09-0456-ag; *Ren Chai Yang, Jing Chun Chen v. Holder*, No. 09-1661-ag; *Xiao Ping Chen, Yong Di Li v. Holder*, No. 09-2287-ag; *Bi Yun Huang v. Holder*,

sufficient consideration to the statement of Jin Fu Chen, who alleged that he suffered forced sterilization after his return to China based on the two children born to his wife in Japan. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since the remand in *Zheng*, the BIA has repeatedly concluded that Jin Fu Chen's statement does not support a claim of a well-founded fear of persecution. Accordingly, it is clear that further consideration of the statement in cases in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). Furthermore, the agency's conclusion concerning the probative force of the statement did not involve any error of law. Additionally, contrary to one petitioner's[5] argument, there was no error in the agency's decision declining to credit a similar statement from Mei Yun

---

No. 09-2939-ag; *Xiao Zhen Yang v. Holder*, No. 09-3025-ag; *Bi Hui Lin v. Holder*, No. 09-3042-ag; *Yun Zhi Chi v. Holder*, No. 09-3329-ag; *Lin Wu, Li Guang Dong v. Holder*, No. 09-3397-ag; *Mei Ying Wu, Yong Xiu Chen v. Holder*, No. 09-3459-ag; and *Rong Li, Bao Lu Lin v. Holder*, No. 09-3550-ag.

[5]The petitioner in *Zhong Di Gao v. Holder*, Nos. 08-4392-ag (L), 09-2098-ag (Con).

Chen because it was a photocopy from an unrelated case. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Some of the petitioners[6] also argue that the BIA erred by improperly conducting *de novo* review of determinations made by an IJ. Many of them rely on a recent decision of the Third Circuit, ruling, in the context of a claim under the Convention Against Torture, that the BIA must review for clear error findings of fact, including predictions of future events, but may review *de novo* conclusions of law as to whether the facts found satisfy a particular legal standard. *See Kaplun v. Attorney General*, 602 F.3d 260 (3d Cir. 2010). Their claims lack merit. The BIA has not reviewed *de novo* any of the IJ's factual findings. Instead, the BIA has concluded, on *de novo* review, that the facts, as found by the IJ, do not meet the legal standard of an objectively reasonable fear of

---

[6]The petitioners in *Feng Yan Chen v. Holder*, No. 07-4870-ag; *Yanna Chen, Han Ting Lin v. Holder*, Nos. 08-3715-ag (L), 09-1991-ag (Con); *Zhong Di Gao v. Holder*, Nos. 08-4392-ag (L), 09-2098-ag (Con); *Su Jie Huang v. Holder*, No. 08-5893-ag; *Li Zhen Zhu v. Holder*, No. 09-0456-ag; *Ren Chai Yang, Jing Chun Chen v. Holder*, No. 09-1661-ag; *Caiyun Wang v. Holder*, No. 09-2115-ag; *Xiao Ping Chen, Yong Di Li v. Holder*, No. 09-2287-ag; *Ru Chen v. Holder*, No. 09-2998-ag; *Bi Hui Lin v. Holder*, No. 09-3042-ag; *Lin Wu, Li Guang Dong v. Holder*, No. 09-3397-ag; *Mei Ying Wu, Yong Xiu Chen v. Holder*, No. 09-3459-ag; and *Rong Li, Bao Lu Lin v. Holder*, No. 09-3550-ag.

persecution. That approach is entirely consistent with the applicable regulation, 8 C.F.R. § 1003.1(d)(3). *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear").

In denying some of the petitioners'[7] motions, the BIA reasonably found that certain of the newly submitted documents were previously obtainable, *see INS v. Abudu*, 485 U.S. 94, 104-05 (1988), or declined to review evidence submitted for the first time on appeal absent any argument as to why such evidence merited further consideration on remand, *see* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (BIA 1984). Regardless, the evidence submitted in support of the petitioners' motions was largely cumulative of

---

[7]The petitioners in *Wen Qin Ou v. Holder*, Nos. 08-1238-ag (L), 08-4314-ag (Con); *Su Jie Huang v. Holder*, No. 08-5893-ag; *Li Zhen Zhu v. Holder*, No. 09-0456-ag; *Ting Yi Lin v. Holder*, No. 09-2849-ag; *Bi Yun Huang v. Holder*, No. 09-2939-ag; *Ru Chen v. Holder*, No. 09-2998-ag; *Xiao Zhen Yang v. Holder*, No. 09-3025-ag; *Yun Zhi Chi v. Holder*, No. 09-3329-ag; *Lin Wu, Li Guang Dong v. Holder*, No. 09-3397-ag; and *Rong Li, Bao Lu Lin v. Holder*, No. 09-3550-ag.

the evidence in the record and not materially distinguishable from the evidence discussed in *Jian Hui Shao.*

Finally, one petitioner[8] argues that the IJ erred by rejecting her request for an adjournment to submit evidence demonstrating that her relatives had been forcibly sterilized. We find that remand for the BIA to consider petitioner's argument would be futile because the IJ allowed her to testify on the subject and her relatives were not similarly situated. *See Shunfu Li*, 529 F.3d at 150; *see also Jian Hui Shao*, 546 F.3d at 160-61.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[8] The petitioner in *Xiao Zhen Yang v. Holder*, No. 09-3025-ag.