09-1242-ag
Ou v. Holder

BIA
Mulligan, IJ
A094 041 751
A094 041 752

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of February, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

YUN YAN OU, HAO CHEN,
*Petitioners,*

v.                                                      09-1242-ag
                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONERS:        Richard Tarzia, Belle Mead, New Jersey.

11082010-20

**FOR RESPONDENT:**        Tony West, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Linda Y. Cheng, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yun Yan Ou and Hao Chen, natives and citizens of China, seek review of a January 27, 2009, BIA decision: (1) vacating the April 26, 2007, decision of Immigration Judge ("IJ") Thomas J. Mulligan insofar as he granted their application for asylum and affirming the IJ's decision insofar as he denied their application for withholding of removal; and (2) denying their motion to remand. *In re Yun Yan Ou, Hao Chen*, Nos. A094 041 751, A094 041 752 (B.I.A. Jan. 27, 2009), *vacating, in part,* Nos. A094 041 751, A094 041 752 (Immig. Ct. N.Y. City Apr. 26, 2007).

As an initial matter, we grant petitioners' motion to supplement the record. Petitioners have demonstrated that the twenty-seven sub-exhibits they have submitted with their motion were made a part of the record before the agency and were considered by the agency in rendering its decisions.

Because we must decide the petition "on the administrative record on which the order of removal is based," we grant petitioners' motion. *See* 8 U.S.C. § 1252(b)(4)(A).

Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). When the BIA considers relevant evidence of country conditions in evaluating a motion, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Petitioners sought relief from removal based on their claim that they fear persecution because they have more than one child in violation of China's population control program. For largely the same reasons this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008), we

find no error in the agency's denial of their application for relief and motion to remand. *See id.* at 158-72.

Petitioners also argue that the BIA erred by improperly conducting *de novo* review of determinations made by the IJ. Their claim lacks merit. The BIA has not reviewed *de novo* any of the IJs' factual findings. Instead, the BIA has concluded, on *de novo* review, that the factual findings do not meet the legal standard of an objectively reasonable fear of persecution, in this cases, a fear of forced sterilization or economic persecution. That approach is entirely consistent with the applicable regulation, 8 C.F.R. § 1003.1(d)(3). *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear").

Petitioners also argue that the statement of Jin Fu Chen, who alleged that he suffered forcible sterilization after his return to China based on the births of his two children in Japan, demonstrates their eligibility for

4

relief. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since that remand, the BIA has repeatedly concluded that Jin Fu Chen's statement does not support a claim of a well-founded fear of persecution. Accordingly, it is clear that further consideration of that statement in cases, such as this case, in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). We cannot say, furthermore, that the agency's conclusion concerning the probative force of the statement involved any error of law.

For the foregoing reasons, petitioners' motion to supplement the record is GRANTED and this petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending

request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk