07-3970-ag, 08-2504-ag
Zheng v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of January, two thousand and ten.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                         Circuit Judges.
             LAWRENCE E. KAHN,[*]
                         District Judge.

_____

SHU XIANG ZHENG[**],

                                             Petitioner,

             -v-                             (07-3970-ag, 08-2504-ag)

ERIC H. HOLDER, JR., ATTORNEY GENERAL,[***]

                                             Respondent.

_____

Appearing for Petitioner:     Richard Tarzia, Belle Mead, NJ

Appearing for Respondent:     Nairi M. Simonian, Civil Division, U.S. Department of Justice, Washington, DC

_____

[*]  The Honorable Lawrence E. Kahn, United States District Court for the Northern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

[***] Eric H. Holder, Jr., is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Petition for review of an order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review in 07-3970-ag is **GRANTED** and the petition for review in 08-2504-ag in **DENIED** as moot.

Petitioner Shu Xiang Zheng ("Zheng") seeks review of an August 27, 2007, order and decision of the BIA, vacating the January 30, 2003, order and decision of the Immigration Judge (IJ Paul A. DeFonzo) granting petitioner's application for asylum. Zheng also seeks review of a May 9, 2008, order and decision of the BIA denying her motion to reopen her deportation proceedings. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This case is one of a number of cases that the Second Circuit remanded to the BIA so that it could develop standards for when a petitioner has established a well-founded fear of persecution – namely forced sterilization – as a result of violating China's family planning policies. The BIA recently developed such standards in three related cases, including Matter of J-W-S-, 24 I&N Dec. 185 (BIA 2007), all of which we upheld in Jian Hui Shao v. Mukasey, 546 F.3d 138, 163 (2d Cir. 2008). After the BIA issued its decisions announcing the new standards, it reaffirmed its vacateur of the IJ's grant of asylum in this case. The BIA found that Matter of J-W-S- was directly on point and that Zheng's case could be resolved without remanding to the IJ. Zheng now seeks review of the BIA's decision.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We assume petitioner to be credible "because the IJ found [her] to be such and the BIA did not disturb that finding." Alibasic v. Mukasey, 547 F.3d 78, 84 (2d Cir. 2008). We review factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Zheng first argues that the BIA held her to an "exceedingly high standard of proof" by requiring her to show a national policy of forced sterilization, as opposed to a local policy in her home province of Fujian. We recently rejected this argument. See Shao, 546 F.3d at 163 ("We identify no legal error in [the BIA's] analysis and no prejudice to [petitioner]'s ability to demonstrate a reasonable possibility of enforcement amounting to persecution at the local level."). As in Shao, the BIA concluded in this case that "the evidence of record did not demonstrate that the Chinese Government has a national policy of requiring forced sterilization of a parent who returns with children born in the United States," and that, furthermore, Zheng had presented no evidence that she faced a particularized risk on account of the local policies in Fujian. Zheng's argument that she was required to show a national policy is without merit.[1]

---

[1] Zheng also argues that the BIA erred in concluding that the "fines or other economic penalties" to which she would be subjected "do not rise to the level of persecution." A monetary

Zheng also contends that the BIA failed to consider material evidence on remand that demonstrates that she is at risk for forced sterilization if she is returned to China. "[W]here the BIA has given reasoned consideration to the petition, and made adequate findings, it [need not] expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotations omitted). Moreover, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." Xio Ji Chen v. U.S. Dept't of Justice, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

Most of the evidence Zheng cites in her brief was not material to her claim because it either did not discuss the use of forced abortions and sterilizations in enforcing the family planning policy or referenced unattributed reports of forced abortions and sterilizations of individuals in provinces other than Zheng's home province of Fujian. The BIA had previously found almost identical evidence insufficient to show a well-founded fear of persecution. See Matter of J-W-S-, 24 I&N Dec. at 192. Although the BIA did not reference each and every piece of evidence in the record, it explained that such evidence, including "country condition report[s]" and "other documentary evidence such as Congressional reports," was insufficient for the same reasons stated in Matter of J-W-S-. With one exception, this was more than sufficient to discharge BIA's duty to consider the evidence in the record.[2]

The one exception is the affidavit of Jin Fu Chen, which the BIA did not reference or explicitly consider in its decision. The affidavit states that Chen and his wife, both natives and citizens of China from Fujian province, resided in Japan between 1998 and 2003, during which time his wife gave birth to one girl and one boy. He further states that after his family was "sent back" to China, their "village committee and [their] town government cadres came to [their] house and said that [they] already gave birth to two children, and violated Chinese Family Planning Policy," and told him and his wife that "[e]ither one of [them] must have a sterilization operation." A few months later, "Family Planning officials forcibly took [him] to Chang Le Family Planning Station and [he] had a sterilization operation."

Unlike the other evidence presented to the BIA on remand, the Chen affidavit provides a specific, detailed example of a parent returning from abroad with two children to Fujian province

---

fine only rises to the level of persecution if it would cause "severe economic disadvantage." Matter of T-Z-, 24 I&N Dec. 163, 170-75 (BIA 2007); see also Guan Shan Liao v. U.S. Dep't of Justice, 293 F.3d 61, 70 (2d Cir. 2002). Though the evidence originally submitted by Zheng would not have been sufficient to require a finding that the fine would cause such profound disadvantage, the new evidence in the Ji Fu Chen affidavit casts the previous evidence in a new light. Under the circumstances, on remand the agency should consider the question of whether the fines, etc., rise to the level of persecution in light of the Chen affidavit.

[2] As with the economic evidence referred to in footnote 1 supra, the more generalized evidence that was submitted, though inadequate in itself, should be reconsidered in light of the specific evidence given by the Ji Fu Chen affidavit, discussed below.

who was subjected to forced sterilization. Zheng appears to be similarly situated to Chen as they are both from Fujian province and each had two children abroad. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (evidence of forced sterilization of an individual in similar circumstances is relevant to question of well-founded fear). It was precisely this sort of evidence of local enforcement efforts that the BIA found lacking in Matter of J-W-S-. See Shao, 546 F.3d at 165-66. Given that the BIA concluded that Zheng had failed to adduce any evidence beyond "generalized statements" that she would be subjected to some form of punishment upon her return, we cannot be sure that the BIA adequately considered the Chen affidavit in reaching its decision. See Jorge-Tzoc v. Gonzales, 435 F.3d 146, 149 (2d Cir. 2006); Shou Yung Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir. 2006).

The Chen affidavit was submitted to BIA upon remand from the Second Circuit pursuant to our remand order and therefore was not part of the record before the IJ. See Stipulation and Order of Settlement and Dismissal, No. 04-4139-ag (Oct. 11, 2006) ("Either party may file a motion to remand for consideration of supplemental evidence that complies with all of the applicable regulations.). The BIA is not permitted to engage in independent factfinding or consider evidence that is not already in the record. See 8 C.F.R. 1003.1(d)(3)(iv); Belortaja v. Gonzales, 484 F.3d 619, 625 (2d Cir. 2007). When further factfinding is required, "the appropriate course is remand to the IJ." Xian Tuan Ye v. Dep't of Homeland Sec., 446 F.3d 289, 296 (2d Cir. 2006). Because the Chen affidavit represents material evidence directly relevant to Zheng's claim of persecution, the BIA erred in not remanding to the IJ for supplementation of the factual record.

We therefore **GRANT** the petition for review in 07-3970-ag and **REMAND** to the BIA for consideration of the Chen affidavit and further development of the factual record.[3] Consequently, Zheng's petition for review of the denial of her motion to reopen in 08-2504-ag is **DENIED** as moot. See Koudriachova v. Gonzales, 490 F.3d 255, 264 (2d Cir. 2007).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk
>
> By:_____

---

[3] Zheng also argues that the BIA's factual finding with respect to her risk of forced sterilization was not supported by substantial evidence. Because we remand to the BIA for reconsideration of Zheng's application, we do not reach this question.

4