07-4984-ag
Huang v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> *Circuit Judges*.

_____

XUE GUI HUANG v. HOLDER,[1]                    07-4984-ag
A078 848 824

_____

MEI FANG LIN v. BCIS,                          07-5313-ag
A073 658 580

_____

YI DI GUO v. HOLDER,                           07-5787-ag
A073 178 433

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney Generals where necessary.

_____

**PIN KAO ZHANG v. HOLDER,**          08-1251-ag
A073 541 463

_____

**SONG XUE GAO, KIN WO HA**
**v. HOLDER,**                        08-1779-ag
A098 975 105
A098 975 106

_____

**FENG LING ZHENG, DE CHAI**
**CHI v. HOLDER**                     08-2108-ag
A078 692 303
A098 972 052

_____

**LIQIN BIAN, AKA LI QIN BIAN,**
**KONG ZHANG NI v. HOLDER,**          08-2460-ag
A076 478 753
A070 893 053

_____

**XUE YU WANG v. HOLDER,**            08-3248-ag
A099 592 457

_____

**GUO SHUI LIN v. HOLDER,**           08-4369-ag
A073 787 941

_____

**BAOYUN CHEN, XILIN SHI v.**
**HOLDER,**                           08-5322-ag
A099 076 707
A099 076 708

_____

**YUE MING JIN v. HOLDER,**           08-5551-ag
A094 778 719

_____

_____

XIU ZHEN WANG, BAI LIN
v. HOLDER,                                                08-5892-ag
A099 930 724
A078 221 998

_____

YAN CHEN CHEN v. HOLDER,                                  08-6246-ag
A099 686 888

_____

LEI LEI ZHOU, CHENG YUAN
HUANG v. HOLDER,                                          09-0141-ag
A099 560 248
A099 560 249

_____

LI YUN LIN v. HOLDER,                                     09-0245-ag
A098 971 528

_____

NENG QUAN WANG v. HOLDER,                                 09-0261-ag
A099 927 095

_____

WAN ZHEN ZHENG, BIN CHEN
v. HOLDER,                                                09-0529-ag
A099 938 919
A099 938 920

_____

YA QIN HUANG, ZENG XIONG
ZHENG v. HOLDER,                                          09-1545-ag
A094 046 463
A094 046 464

_____

XIU JIN LIN v. HOLDER,                                    09-2745-ag
A094 813 717

_____

UPON DUE CONSIDERATION of these petitions for review of

several Board of Immigration Appeals ("BIA") orders, it is hereby ORDERED, ADJUDGED, AND DECREED, that these petitions for review are DENIED.

Petitioners, all citizens of China, seek review of BIA orders either affirming an immigration judge's ("IJ's") decision denying asylum and related relief or reversing the IJ's decision granting relief based on their claim that they fear persecution because they had one or more children in the United States. For largely the same reasons as this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), we find no error in the BIA's decision denying each application.[2] *See id.* at 168-72.

Some of the petitioners argue that the BIA failed to give sufficient consideration or importance to the affidavit of Jin Fu Chen, who alleged that he suffered forcible sterilization after his return to China based on the two children born to his wife in Japan. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's affidavit (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since the remand in *Zheng*,

_____

[2]We decline to review petitioners' illegal departure claim in *Bian v. Holder*, Docket No. 08-2460-ag, because they failed to exhaust this argument before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007).

the BIA has considered the Jin Fu Chen affidavit in numerous cases and has repeatedly concluded that it neither demonstrates material changed country conditions nor supports a well-founded fear of persecution. *See*, *e.g.*, *In re Ai Bin Chen*, No. A078 727 599 (B.I.A. 2009); *Mei Feng Weng*, No. A077 322 259 (B.I.A. 2009). Accordingly, it is clear that further consideration of the affidavit in cases in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). We cannot say, furthermore, that the agency's conclusion concerning the probative force of the affidavit involved any error of law.

Some of the petitioners also argue that the BIA has erred by improperly conducting *de novo* review of determinations made by an IJ. They rely on the recent decision of the Third Circuit, ruling, in the context of a claim under the Convention Against Torture, that the BIA must review for clear error findings of fact, including predictions of future events, but that conclusions of law as to whether the facts found satisfy a legal standard are reviewed *de novo*. *See Kaplun v. Attorney General*, No. 08-2571, 2010 WL 1409019 (3d Cir. April 9, 2010). Their claim lacks merit. The BIA has not reviewed *de novo* any of the IJs' factual findings.

Instead, the BIA has concluded, on *de novo* review, that the factual findings do not meet the legal standard of an objectively reasonable fear of persecution, in these cases, a fear of forced sterilization. That approach is entirely consistent with the applicable regulation, 8 C.F.R. § 1003.1(d)(3). *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear").

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>