08-5671-ag
Zhu v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

PRESENT:

DENNIS JACOBS,
    *Chief Judge*,
JON O. NEWMAN,
PIERRE N. LEVAL,
    *Circuit Judges*.

_____

ZHAO HUI ZHU and XUE YUN ZHU                    08-5671-ag(L)
v. HOLDER,[1]                                   09-3747-ag(CON)
A094 048 718
A094 048 719

_____

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") order, it is hereby ORDERED, ADJUDGED, AND DECREED, that this petition for review

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney Generals where necessary.

is DENIED.

Petitioners, citizens of China, seek review of a BIA order reversing the IJ's decision granting relief based on their claim that they fear persecution based on the birth of their children in the United States. For largely the same reasons as this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), we find no error in the BIA's decision denying their application. *See id.* at 168-72.

The petitioners argue that the BIA failed to give sufficient consideration or importance to the affidavit of Jin Fu Chen, who alleged that he suffered forcible sterilization after his return to China based on the two children born to his wife in Japan. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's affidavit (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since the remand in *Zheng*, the BIA has considered the Jin Fu Chen affidavit in numerous cases and has repeatedly concluded that it neither demonstrates material changed country conditions nor supports a well-founded fear of persecution. *See*, *e.g.*, *In re Ai Bin Chen*, No. A078 727 599 (B.I.A. 2009); *Mei Feng Weng*, No. A077 322 259 (B.I.A. 2009). Accordingly, it is clear that further

consideration of the affidavit in cases in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). We cannot say, furthermore, that the agency's conclusion concerning the probative force of the affidavit involved any error of law.

The petitioners also argue that the BIA has erred by improperly conducting *de novo* review of determinations made by an IJ. They rely on the recent decision of the Third Circuit, ruling, in the context of a claim under the Convention Against Torture, that the BIA must review for clear error findings of fact, including predictions of future events, but that conclusions of law as to whether the facts found satisfy a legal standard are reviewed *de novo*. *See Kaplun v. Attorney General*, No. 08-2571, 2010 WL 1409019 (3d Cir. April 9, 2010). Their claim lacks merit. The BIA has not reviewed *de novo* any of the IJs' factual findings. Instead, the BIA has concluded, on *de novo* review, that the factual findings do not meet the legal standard of an objectively reasonable fear of persecution, in these cases, a fear of forced sterilization. That approach is entirely consistent with the applicable regulation, 8 C.F.R. § 1003.1(d)(3). *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously

−3−

conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot.  Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk