08-0367-ag
Gao v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of February, two thousand eleven.

PRESENT:

> DENNIS JACOBS,
> *Chief Judge*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> *Circuit Judges*.

_____

MIN HUI GAO, MING
GUANG GAO v. HOLDER,[1]                           08-0367-ag
A098 642 237
A098 642 238

_____

JING QING ZOU v. HOLDER,                          08-1946-ag
A073 656 479

_____

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted where necessary.

_____

GUO WANG CHEN v. HOLDER,                          08-2323-ag
A073 766 490

_____

SHUI YING YANG v. HOLDER,                         08-5966-ag
A098 775 760

_____

AI JIAO LIN v. HOLDER,                            08-6248-ag
A099 682 990

_____

RUIXIA ZHENG v. HOLDER,                           09-2514-ag
A090 347 474

_____

CHANG-TAN CHEN, XIU YA
LIU v. HOLDER,                                    09-2608-ag
A075 829 601
A099 683 460

_____

SI TING GUANG v. HOLDER,                          09-2730-ag
A079 430 039

_____

FANG DONG, AKA YING CHANG,
JING QING JIANG v. BCIS,                          09-2743-ag
A094 813 562
A094 813 563

_____

BAO JUAN CHEN v. HOLDER,                          09-2753-ag
A093 408 744

_____

11082010-1-19

```
YING LIN, GUO FU LIN
v. HOLDER,                                          09-3060-ag
A094 048 559
A094 048 560
```

```
CUI QING WANG v. HOLDER,                            09-3125-ag
A093 394 027
```

```
YUN MEI GUAN v. HOLDER,                             09-3210-ag
A099 432 589
```

```
CHENGBIN ZHENG v. HOLDER,                           09-3368-ag
A093 397 253
```

```
FENG BIN JIANG v. HOLDER,                           09-3415-ag
A095 872 337
```

```
QIU YUN LI v. HOLDER,                               09-3458-ag
A078 219 851
```

```
HUIZHU LIN, AKA HUI ZHU
LIN v. HOLDER,                                      09-4709-ag
A077 844 816
```

```
RONG DUAN ZHUANG, PEI SONG
ZHUANG v. HOLDER,                                   09-4882-ag
A094 046 455
A094 046 456
```

```
LIFENG ZHU v. HOLDER,                               09-4980-ag
A099 930 630
```

11082010-1-19

UPON DUE CONSIDERATION of these petitions for review of several Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA either affirming the decision of an immigration judge ("IJ") denying asylum and related relief or reversing the IJ's decision granting relief. Some of the petitioners[2] also challenge decisions of the BIA denying motions to remand. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, sought relief from removal based on their claim that they fear persecution because they have one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's decisions. *See id.* at 158-72.

---

[2]The petitioners in *Shui Ying Yang v. Holder*, No. 08-5966-ag; *Ying Lin, Guo Fu Lin v. Holder*, No. 09-3060-ag; and *Qiu Yun Li v. Holder*, No. 09-3458-ag.

Some of the petitioners[3] argue that the BIA has erred by improperly conducting *de novo* review of determinations made by an IJ.  Many of them rely on a recent decision of the Third Circuit, ruling, in the context of a claim under the Convention Against Torture, that the BIA must review for clear error findings of fact, including predictions of future events, but may review *de novo* conclusions of law as to whether the facts found satisfy a particular legal standard.  *See Kaplun v. Attorney General*, 602 F.3d 260 (3d Cir. 2010).  Their claims lack merit.  The BIA has not reviewed *de novo* any of the IJ's factual findings.  Instead, the BIA has concluded, on *de novo* review, that the facts, as found by the IJ, do not meet the legal standard of an objectively reasonable fear of persecution.  That approach is entirely consistent with the applicable regulation, 8 C.F.R. § 1003.1(d)(3).  *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while

_____

[3]The petitioners in *Min Hui Gao, Ming Guang Gao v. Holder*, No. 08-0367-ag; *Jing Qing Zou v. Holder*, No. 08-1946-ag; *Ai Jiao Lin v. Holder*, No. 08-6248-ag; *Ying Lin, Guo Fu Lin v. Holder*, No. 09-3060-ag; *Cui Qing Wang v. Holder*, No. 09-3125-ag; *Yun Mei Guan v. Holder*, No. 09-3210-ag; *Qiu Yun Li v. Holder*, No. 09-3458-ag; *Rong Duan Zhuang, Pei Song Zhuang v. Holder*, No. 09-4882-ag; and *Lifeng Zhu v. Holder*, No. 09-4980-ag.

[petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear"). Similarly, in *Chengbin Zheng v. Holder*, No. 09-3368-ag, contrary to the petitioner's argument, the BIA did not erroneously review certain record evidence *de novo* when it adopted and affirmed the IJ's decision in its entirety and simply noted that certain evidence was not authenticated or failed to demonstrate the objective reasonableness of the petitioner's claimed fear of persecution. *See* 8 C.F.R. § 1003.1(d)(3); *see also Jian Hui Shao*, 546 F.3d at 162-63.

Three of the petitioners[4] argue that the agency applied an incorrect burden of proof by requiring them to establish a certainty of persecution. However, in those cases, the agency explicitly considered whether they had demonstrated a well-founded fear of persecution as opposed to a certainty of persecution. *See Jian Hui Shao*, 546 F.3d at 156.

Some of the petitioners[5] argue that the BIA failed to give

_____

[4]The petitioners in *Ai Jiao Lin v. Holder*, No. 08-6248-ag; *Feng Bin Jiang v. Holder*, No. 09-3415-ag; and *Huizhu Lin v. Holder*, No. 09-4709-ag.

[5]The petitioners in *Ai Jiao Lin v. Holder*, No. 08-6248-ag; *Ying Lin, Guo Fu Lin v. Holder*, No. 09-3060-ag; *Cui Qing Wang v. Holder*, No. 09-3125-ag; and *Qiu Yun Li v. Holder*, No. 09-3458-ag.

sufficient consideration to the statement of Jin Fu Chen, who alleged that he suffered forcible sterilization after his return to China based on the two children born to his wife in Japan. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since the remand in *Zheng*, the BIA has repeatedly concluded that Jin Fu Chen's statement does not support a claim of a well-founded fear of persecution. Accordingly, it is clear that further consideration of the statement in cases in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). We cannot say, furthermore, that the agency's conclusion concerning the probative force of the statement involved any error of law.

In *Huizhu Lin v. Holder*, No. 09-4709-ag, we find no merit to petitioner's argument that she established her eligibility for CAT relief based on her purportedly illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005). Finally, in *Ai Jiao Lin v. Holder*, No. 08-6248-ag, the BIA reasonably declined to review

evidence submitted for the first time on appeal absent any argument as to why such evidence merited further consideration on remand. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (BIA 1984).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk