09-2853-ag
Zheng v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

| | |
|---|---|
| YAN YUN LIN v. HOLDER,[1]<br>A095 461 815 | 08-1525-ag |

_____

| | |
|---|---|
| JUN QIN KE v. HOLDER,<br>A073 661 093 | 08-4139-ag |

_____

| | |
|---|---|
| XING QIANG YANG, A.K.A. XING<br>YONG YANG v. HOLDER,<br>A076 969 048 | 08-5000-ag |

_____

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted where necessary.

12132010-1-34

| | |
|---|---|
| **XIU QIN LIN, A.K.A. XIU QING LIN v. HOLDER,** A077 322 260 | **08-6266-ag** |
| **DAO-SHU LIN v. HOLDER,** A072 485 388 | **09-0167-ag** |
| **XIU ZHU v. HOLDER,** A077 660 225 | **09-0550-ag** |
| **RUIYU WANG v. HOLDER,** A096 263 970 | **09-1016-ag** |
| **GUO YING QIU v. HOLDER,** A076 027 787 | **09-1035-ag** |
| **JINXIU ZHENG v. HOLDER,** A097 478 685 | **09-1877-ag** |
| **MING TENG ZHANG v. HOLDER,** A072 373 970 | **09-2827-ag** |
| **MING YING ZHENG, KOK POH LIN v. HOLDER,** A073 045 702 A029 882 583 | **09-2853-ag** |
| **DE YONG CHEN v. HOLDER,** A073 570 843 | **09-2855-ag** |

12132010-1-34

_____

XIU YING WEI v. HOLDER,                    09-2967-ag
A077 283 089
_____

ZHEN GUANG JIANG v. HOLDER,                09-3083-ag
A073 611 310
_____

LIN JIQING v. BCIS,                        09-3206-ag
A029 790 914
_____

YAN YING LI, A.K.A. YAN                    09-3858-ag
JUAN LI v. BCIS,
A079 097 331
_____

JIANG DENG, A.K.A. XIAO                    09-3891-ag
DONG JIANG v. HOLDER,
A072 484 162
_____

XIN YING ZHENG, A.K.A.                     09-4219-ag
XINYING ZHENG v. HOLDER,
A079 407 995
_____

CHUN-HUI HUANG, A.K.A.                     09-4220-ag
CHUNHUI HUANG v. HOLDER,
A070 579 857
_____

SHUAI ZHENG v. HOLDER                      09-4374-ag
A070 311 881
_____

XUE FENG HUANG v. BCIS,                    09-4613-ag
A073 552 797
_____

TIANGONG ZHENG, A.K.A. TIAN                                    09-4644-ag
GONG ZHENG v. HOLDER,
A078 731 678

---

LI QING GUO v. HOLDER,                                         09-4648-ag
A077 550 863

---

YI JIAN WANG v. HOLDER,                                        09-4649-ag
A073 583 147

---

BO KUN ZHU v. HOLDER,                                          09-4711-ag
A073 134 414

---

XIU ZHEN LIN v. HOLDER,                                        09-4712-ag
A099 082 786

---

MEI RONG CHEN v. HOLDER,                                       09-4791-ag
A077 007 626

---

JING LI v. HOLDER,                                             09-4821-ag
A073 625 185

---

YAN CHEN v. HOLDER,                                            09-4837-ag
A073 620 487

---

XIAO LI LIU v. HOLDER,                                         09-4905-ag
A077 297 907

---

ZHANG BING CHEN v. HOLDER,                                     09-4936-ag
A078 400 265

---

12132010-1-34

| | |
|---|---|
| **SUZHU ZHAO, A.K.A. SU ZHU** | **09-5113-ag** |
| **ZHAO v. HOLDER** | |
| **A095 369 241** | |

| | |
|---|---|
| **TAN LAN CHI, A.K.A. DAN LING** | **09-5262-ag** |
| **SHI v. HOLDER,** | |
| **A073 598 096** | |

| | |
|---|---|
| **SHI YANG HUANG v. HOLDER,** | **10-0277-ag** |
| **A077 281 562** | |

UPON DUE CONSIDERATION of these petitions for review of several Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA affirming an immigration judge's ("IJ") decision denying a motion to reopen or denying a motion to reopen in the first instance based on either the movant's failure to demonstrate changed country conditions sufficient to avoid the applicable time and numerical limits or the movant's failure to demonstrate *prima facie* eligibility for the underlying relief sought. *See* 8 C.F.R. §§ 1003.2(c), 1003.23(b). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claim that they fear persecution because they have one or more children in violation of China's coercive population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d at 158-73, we find no error in the BIA's decisions. While the petitioners in *Jian Hui Shao* were from Fujian Province, as are most of the petitioners here, five of the petitioners[2] are from Zhejiang Province. As with the evidence discussed in *Jian Hui Shao*, which concerned Fujian Province, the evidence proffered by these petitioners concerning Zhejiang Province either does not discuss forced sterilizations or involves isolated incidents of persecution of individuals who are not similarly situated to the petitioners. *See Jian Hui Shao*, 546 F.3d at 160-61, 170-71.

Some of the petitioners[3] argue that the agency applied an incorrect burden of proof by requiring them to establish more

---

[2]The petitioners in *Xiu Ying Wei v. Holder*, No. 09-2967-ag; *Jiang Deng v. Holder*, No. 09-3891-ag; *Xue Feng Huang v. BCIS*, No. 09-4613-ag; *Jing Li v. Holder*, No. 09-4821-ag; and *Suzhu Zhao v. Holder*, No. 09-5113-ag.

[3]The petitioners in *Xing Qiang Yang v. Holder*, No. 08-5000-ag; *Xin Ying Zheng v. Holder*, No. 09-4219-ag; *Chun-Hui Huang v. Holder*, No. 09-4220-ag; *Xiao Li Liu v. Holder*, No. 09-4905-ag; and *Zhang Bing Chen v. Holder*, No. 09-4936-ag.

than their *prima facie* eligibility for relief.  However, in those cases, the agency either reasonably relied on their failure to demonstrate changed country conditions excusing the untimely filing of their motions, or concluded that they failed to establish their *prima facie* eligibility for relief. *See* 8 C.F.R. §§ 1003.2(c), 1003.23(b); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988).

Some of the petitioners[4] argue that the agency failed to give sufficient consideration to the statement of Jin Fu Chen, who alleged that he suffered forcible sterilization after his return to China based on the births of his two children in Japan.  A prior panel of this Court remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after a remand) could be considered by the IJ.  *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010).  Since that remand, the BIA has repeatedly concluded that Jin Fu Chen's statement does not support a claim of changed country conditions or a reasonable possibility of persecution.  Accordingly, we find no abuse of discretion in

---

[4]The petitioners in *Jun Qin Ke v. Holder*, No. 08-4139-ag; *Xing Qiang Yang v. Holder*, No. 08-5000-ag; *Dao-Shu Lin v. Holder*, No. 09-0167-ag; *Chun-Hui Huang v. Holder*, No. 09-4220-ag; *Yan Chen v. Holder*, No. 09-4837-ag; and *Zhang Bing Chen v. Holder*, No. 09-4936-ag.

the BIA's summary consideration of that statement in these cases. *See Jian Hui Shao*, 546 F.3d at 169 (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (providing that the agency may summarily consider evidence that is "oft-cited" and that it "is asked to consider time and again"). We cannot say, furthermore, that the agency's conclusions concerning the probative force of the statement involved any error of law.

Eight of the petitioners[5] argue that the BIA erred by relying on the U.S. Department of State's 2007 Profile of Asylum Claims and Country Conditions in China ("2007 Profile") because statements in that document are based on mistranslated and contradictory evidence. However, we have repeatedly concluded, as the BIA did here, that the purportedly corrected translations do not materially alter the meaning of the 2007 Profile by demonstrating a risk of forced sterilization. To

---

[5]The petitioners in *Jinxiu Zheng v. Holder*, No. 09-1877-ag; *Ming Teng Zhang v. Holder*, No. 09-2827-ag; *Ming Ying Zheng, Kok Poh Lin v. Holder*, No. 09-2853-ag; *De Yong Chen v. Holder*, No. 09-2855-ag; *Zhen Guang Jiang v. Holder*, No. 09-3083-ag; *Shuai Zheng v. Holder*, No. 09-4374-ag; *TianGong Zheng v. Holder*, No. 09-4644-ag; and *Xiu Zhen Lin v. Holder*, No. 09-4712-ag.

the extent that the BIA declined to credit some of the petitioners'[6] unauthenticated, individualized evidence in light of an underlying adverse credibility determination, the BIA did not abuse its discretion. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

Finally, one of the petitioners[7] argues that the BIA violated her right to due process and equal protection of the law by refusing to reopen her proceedings to file a successive application for withholding of removal and CAT relief. The petitioner's equal protection argument is foreclosed by *Yuen Jin v. Mukasey*, 538 F.3d 143, 158-59 (2d Cir. 2008). We find no merit to petitioner's due process argument. Assuming, *arguendo*, that petitioner has a protected interest in withholding of removal and CAT relief, we conclude that she received constitutionally sufficient process when the agency adjudicated her initial application for relief and provided her the opportunity to submit evidence in support of two

---

[6]The petitioners in *Xiu Zhu v. Holder*, No. 09-0550-ag; *Jiang Deng v. Holder*, No. 09-3891-ag; *Xin Ying Zheng v. Holder*, No. 09-4219-ag; *TianGong Zheng v. Holder*, No. 09-4644-ag; *Yi Jian Wang v. Holder*, No. 09-4649-ag; *Bo Kun Zhu v. Holder*, No. 09-4711-ag; *Mei Rong Chen v. Holder*, No. 09-4791-ag; *Jing Li v. Holder*, No. 09-4821-ag; *Xiao Li Liu v. Holder*, No. 09-4905-ag; and *Tan Lan Chi v. Holder*, No. 09-5262-ag.

[7]The petitioner in *Mei Rong Chen v. Holder*, No. 09-4791-ag.

motions to reopen.  *See id.* at 157.

For the foregoing reasons, these petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

12132010-1-34

-10-