07-4779-ag
Tang v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge.*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

YAN ZHU LU v. HOLDER,[1]                              07-4187-ag
A077 297 838

_____

CUI YING YANG, YUN JIN LIAN v.                       07-4401-ag
HOLDER,
A097 849 570
A073 577 705

_____

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted as respondent where necessary.

| | |
|---|---|
| **JING YAN TANG v. HOLDER, UNITED STATES DEPARTMENT OF JUSTICE,** A077 121 600 | **07-4779-ag** |
| **YU ZHEN CHEN v. HOLDER,** A097 753 317 | **07-5109-ag** |
| **WENZHONG CHENG v. HOLDER,** A098 255 761 | **08-0407-ag** |
| **XIU MEI DONG v. HOLDER,** A077 977 769 | **08-0446-ag** |
| **XIAO JUN LIN v. HOLDER,** A098 776 207 | **08-1713-ag** |
| **MEI DONG v. HOLDER,** A098 713 548 | **08-2537-ag** |
| **QIAO FANG CHEN v. HOLDER,** A095 357 599 | **08-3179-ag** |
| **MEI RONG GAO, YING TAO LIN v. HOLDER,** A099 560 436 A099 560 437 | **08-3413-ag** |
| **AI RONG LIN v. HOLDER,** A077 777 009 | **08-4492-ag** |

_____

**JI CHUN YANG v. HOLDER,**                    **09-1839-ag**
A099 073 349

_____

**QIAOMENG ZHOU v. HOLDER,**                   **09-2013-ag**
A099 387 277

_____

**YUN LIN v. HOLDER,**                         **09-2155-ag**
A073 662 328

_____

**SHUI JIN WU, MIN SONG LIN v. HOLDER,**       **09-2176-ag**
**UNITED STATES DEPARTMENT OF JUSTICE,**
A098 977 523
A098 977 524

_____

**YAN ZHEN CHEN v. HOLDER,**                   **09-2664-ag**
A098 391 488

_____

**QIN YUN ZHENG v. HOLDER,**                   **09-2862-ag**
A096 417 478

_____

**YAN YING WU v. HOLDER,**                     **09-3365-ag**
A099 683 161

_____

**MIN CHEN v. HOLDER,**                        **09-3376-ag**
A088 379 559

_____

09132010-1-20

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

These petitions challenge either (1) decisions of the BIA that either affirmed an immigration judge's ("IJ") denial of asylum and related relief or reversed an IJ's grant of relief,[2] or (2) BIA denials of motions to remand or reopen,[3] or (3) rulings of both kinds.[4]  The applicable standards of review by this Court are well-established.  *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, sought relief from removal based on their claim that they fear persecution because they have one or more children in

---

[2]The petitioners in *Jing Yan Tang v. U.S. Dep't of Justice*, No. 07-4779-ag; *Wenzhong Cheng v. Holder*, No. 08-0407-ag; *Xiao Jun Lin v. Holder*, No. 08-1713-ag; *Mei Rong Gao, Ying Tao Lin v. Holder*, No. 08-3413-ag; *Ai Rong Lin v. Holder*, No. 08-4492-ag; *Ji Chun Yang v. Holder*, No. 09-1839-ag; *Qiaomeng Zhou v. Holder*, No. 09-2013-ag; *Yan Zhen Chen v. Holder*, No. 09-2664-ag; *Qin Yun Zheng v. Holder*, No. 09-2862-ag; and *Min Chen v. Holder*, No. 09-3376-ag.

[3]The petitioners in *Yan Zhu Lu v. Holder*, No. 07-4187-ag; *Cui Ying Yang, Yun Jin Lian v. Holder*, No. 07-4401-ag; *Xiu Mei Dong v. Holder*, No. 08-0446-ag; and *Yun Lin v. Holder*, No. 09-2155-ag.

[4]The petitioners in *Yu Zhen Chen v. Holder*, No. 07-5109-ag; *Mei Dong v. Holder*, No. 08-2537-ag; *Qiao Fang Chen v. Holder*, No. 08-3179-ag; *Shui Jin Wu, Min Song Lin v. Holder*, No. 09-2176-ag; and *Yan Ying Wu v. Holder*, No. 09-3365-ag.

violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, the agency's decisions are not erroneous. *See id.* at 158-72. Although the petitioners in *Jian Hui Shao* were from Fujian Province, as are most of the petitioners here, some petitioners[5] are from Zhejiang and Guangdong Provinces. Regardless, as with the evidence discussed in *Jian Hui Shao*, the evidence they have submitted related to Zhejiang and Guangdong Provinces either does not discuss forced sterilizations or references isolated incidents of persecution of individuals who are not similarly situated to the petitioners. *See id.* at 160-61, 171-72.

Some of the petitioners[6] also argue that the BIA has erred by improperly making *de novo* factual findings rejecting the determinations made by an IJ. Their claims lack merit. The BIA has not made *de novo* factual findings. Instead, the BIA has concluded that the IJ's factual findings do not meet the legal standard of an objectively reasonable fear of persecution, in these cases, a fear of forced sterilization or

---

[5]The petitioners in *Mei Rong Gao, Ying Tao Lin v. Holder*, No. 08-3413-ag; and *Qiaomeng Zhou v. Holder*, No. 09-2013-ag.

[6]The petitioners in *Ji Chun Yang v. Holder*, No. 09-1839-ag; and *Shui Jin Wu, Min Song Lin v. Holder*, No. 09-2176-ag.

economic persecution.  That approach is entirely consistent with the applicable regulation, 8 C.F.R. § 1003.1(d)(3).  *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear").

We decline the request of some of the petitioners[7] that we take judicial notice of documents outside the administrative record, and we will not remand for the agency to consider such evidence.  *See* 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269-70 (2d Cir. 2007).

For the same reasons as this Court set forth in *Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158-59 (2d Cir. 2008), the BIA did not err in concluding that those petitioners[8] seeking to file a successive asylum application based on their changed

---

[7]The petitioners in *Jing Yan Tang v. Holder*, No. 07-4779-ag; and *Mei Dong v. Holder*, No. 08-2537-ag.

[8]The petitioners in *Yan Zhu Lu v. Holder*, No. 07-4187-ag; and *Cui Ying Yang, Yun Jin Lian v. Holder*, No. 07-4401-ag.

personal circumstances without filing a timely motion to reopen were not eligible to do so.

Two of the petitioners[9] argue that the BIA failed to give sufficient consideration to the statement of Jin Fu Chen, who alleged that he suffered forcible sterilization after his return to China based on the births of his two children in Japan. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since that remand, the BIA has repeatedly concluded that Jin Fu Chen's statement does not support a claim of a well-founded fear of persecution. Accordingly, it is clear that further consideration of that statement in cases in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). We cannot say, furthermore, that the agency's conclusion concerning the probative force of the statement involved any error of law.

The BIA did not err in *Xiao Jun Lin v. Holder*, No. 08-1713-ag, in declining to consider the petitioner's eligibility

---

[9]The petitioners in <u>Mei Rong Gao, Ying Tao Lin v. Holder</u>, No. 08-3413-ag.

for relief based on her Falun Gong claim because she failed to exhaust this claim in her brief on appeal to the BIA. In *Ai Rong Lin v. Holder*, No. 08-4492-ag, we decline to consider petitioner's unexhausted claim for CAT relief based on her illegal departure from China. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007). In *Ji Chun Yang v. Holder*, No. 09-1839-ag, we assume hypothetical jurisdiction to consider petitioner's unexhausted claim that she is eligible for withholding of removal because the "jurisdictional issues are complex and the substance of the claim is . . . plainly without merit," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir 2006), particularly when her claim for withholding of removal was predicated entirely on the same facts as her claim for asylum, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). In *Qiaomeng Zhou v. Holder*, No. 09-2013-ag, we lack jurisdiction either to review the agency's pretermission of petitioner's application for asylum as untimely under 8 U.S.C. § 1158(a)(2)(B), *see* 8 U.S.C. § 1158(a)(3), or to consider petitioner's unexhausted argument that he is eligible for CAT relief, *see Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)). In *Shui Jin Wu, Min Song Lin v.*

*Holder*, No. 09-2176-ag, we need not consider whether we have jurisdiction to review petitioners' challenge to the BIA's pretermission of their application for asylum as untimely because the BIA's alternative finding that they failed to demonstrate their eligibility for asylum was supported by substantial evidence. In *Yan Zhen Chen v. Holder*, No. 09-2664-ag, we decline to consider petitioner's unexhausted arguments, and we need not consider petitioner's contention that the IJ's positive credibility determination is supported by the record because the BIA assumed, *arguendo*, that she was credible for purposes of her appeal. Finally, in *Qin Yun Zheng v. Holder*, No. 09-2862-ag, there is no merit to petitioner's argument that she established her eligibility for withholding of removal and CAT relief based on her purportedly illegal departure from China. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n.5 (2d Cir. 2002) (per curiam)*; see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-10-