09-3456-ag
Chen v. Holder

BIA
Sichel, IJ
A099 683 479

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

FEN WANG CHEN,
    *Petitioner,*

    v.                        09-3456-ag
                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:      Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Lauren Ritter, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that both the government's motion to remand and the petition for review are DENIED.

Petitioner Fen Wang Chen, a native and citizen of China, seeks review of a July 23, 2009, decision of the BIA reversing Immigration Judge ("IJ") Helen J. Sichel's January 15, 2008, decision granting his application for asylum. *In re Fen Wang Chen*, No. A099 683 479 (B.I.A. July 23, 2009), *aff'g* No. A099 683 479 (Immig. Ct. N.Y. City Jan. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the BIA's decision as the final agency determination. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

The government moves to remand the petition for review to the BIA for reevaluation in light of our discussion of the BIA's standard of review in *De La Rosa v. Holder*, 598 F.3d 103 (2d Cir. 2010). We find that remand in this

instance would be futile. *See id.* at 108. The agency's regulations provide that the BIA "will not engage in de novo review of findings of fact determined by an immigration judge [and that f]acts determined by the immigration judge, . . . shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i). The BIA may, however, "review questions of law, discretion, and judgment . . . de novo" and may take "administrative notice of commonly known facts such as current events or the contents of official documents." 8 C.F.R. § 1003.1(d)(3)(ii), (iv). In *De La Rosa*, we found that the BIA failed to comply with these regulations when it "articulated its standard of review as that of determining 'the weight of the evidence' . . .[, which] is often equated across the circuits with a de novo inquiry into the preponderance of the evidence." 598 F.3d at 107-08. We further noted that the BIA appeared to make its own factual findings that were "demonstratively at odds with factual findings made by the IJ." *Id.* at 107.

Here, unlike in *De La Rosa*, the BIA articulated the proper standard of review, noting that it "review[s] the Immigration Judge's findings of fact . . . under the

3

'clearly erroneous' standard, while [it] reviews *de novo* questions of law, discretion, and judgment." *See* 8 C.F.R. § 1003.1(d)(3). Moreover, unlike in *De La Rosa*, the BIA did not make its own factual findings at odds with the IJ's factual findings, but reasonably relied on precedential decisions and country conditions evidence to conclude that, as a matter of law, Chen's evidence failed to demonstrate the objective reasonableness of his claimed fear of persecution. *See* 8 C.F.R. § 1003.1(d)(3); *see also Jian Hui Shao*, 546 F.3d at 162. For instance, in evaluating the evidence, the IJ found that Chen's case was distinguishable from the BIA's precedential decision in *Matter of J-W-S-*, 24 I. & N. Dec. 185 (BIA 2007), and that he was eligible for asylum, because he submitted evidence demonstrating that he would be subject to the mandatory sterilization requirement of China's family planning policy. In reviewing that decision, the BIA found that the IJ erred as a matter of law in determining that Chen's case was distinguishable from *Matter of J-W-S-* because, even if, as the IJ found, Chen would be subject to the family planning policy's mandatory sterilization requirement, he failed to show that mandatory sterilizations are carried out by "physical force or other

4

means that would amount to persecution." *Matter of J-W-S-*, 24 I. & N. Dec. at 192; *see also Jian Hui Shao*, 546 F.3d at 165, 172. Thus, our decision in *De La Rosa* would not change the BIA's evaluation of the IJ's decision on remand, and the government's motion to remand is denied. *See De La Rosa*, 598 F.3d at 107-08; *see also Jian Hui Shao*, 546 F.3d at 162-63.

With respect to Chen's claimed fear of persecution in China on account of the birth of his two U.S. citizen children, we find that his arguments are largely foreclosed by our decision in *Jian Hui Shao*, 546 F.3d 138. Among the documents Chen argues established his eligibility for relief is the statement of Jin Fu Chen, who alleged that he suffered forced sterilization after his return to China on account of the births of his two children in Japan. A prior panel of this Court remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since the remand in *Zheng*, the BIA has repeatedly concluded that Jin Fu Chen's statement does not support a claim of a well-founded fear of persecution. Accordingly, it is clear that further consideration of the statement in this case

would not change the result.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008).  Furthermore, we do not find that the BIA's conclusions in other cases concerning the probative force of Jin Fu Chen's statement involved any error of law.

For the foregoing reasons, both the government's motion to remand and the petition for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk