09-4500-ag
Wu v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May, two thousand eleven.

PRESENT:

>DENNIS JACOBS,
>    *Chief Judge*,
>JON O. NEWMAN,
>PIERRE N. LEVAL,
>    *Circuit Judges*.

─────────────────────────────────────

| | |
|---|---|
| JIA JIA ZHANG, ZIQUANG GUO v. HOLDER,[1] <br> A078 959 523 <br> A076 789 965 | 07-4697-ag (L); <br> 09-4195-ag(Con) |

─────────────────────────────────────

| | |
|---|---|
| YI DI JIANG, JIAN QING ZHENG v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br> A071 567 912 <br> A072 374 064 | 08-0123-ag |

─────────────────────────────────────

─────────────

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as respondent where necessary.

| | |
|---|---|
| SHU WEN JIANG v. HOLDER,<br>A077 769 493 | 08-2215-ag |
| XIU YU LIN v. HOLDER,<br>A099 599 270 | 08-4086-ag |
| PENG FEI LIU v. HOLDER,<br>A073 767 870 | 08-4590-ag |
| HONG WU v. HOLDER,<br>A094 814 759 | 08-5398-ag |
| HUIZHEN LIN v. HOLDER,<br>A093 409 789 | 08-5724-ag |
| RU-ZHEN ZHENG, A.K.A. LU JING JAN<br>v. HOLDER,<br>A072 460 978 | 08-6125-ag |
| DUAN LIN v. HOLDER,<br>A094 824 731 | 09-1088-ag |

02222011-1-28

RONG CHEN v. HOLDER,                                   09-1948-ag
A088 378 064

_____

ER CHEN v. HOLDER,                                     09-2800-ag
A079 069 093

_____

QING YAN LIN, FEI QIANG GAN v.
HOLDER,                                                09-3225-ag
A029 813 707
A029 813 706

_____

HONG MEI SHI v. HOLDER,                                09-3285-ag
A099 928 309

_____

JINGRE WANG, A.K.A. JIN KE WANG,
A.K.A. JIN KAN WANG v. HOLDER,                         09-3287-ag
A072 780 801

_____

MEI MEI CHEN, YULAN LIN v. HOLDER,                     09-3445-ag
A070 893 461
A070 892 433

_____

LAN FANG HUANG v. HOLDER,                              09-4004-ag
A077 122 682

_____

DAN YUN CHEN v. HOLDER,                                09-4073-ag
A099 927 378

_____

SHU YING WU v. HOLDER,                                 09-4500-ag
A094 783 490

_____

02222011-1-28

HUA ZHENG v. HOLDER,                                      09-4576-ag
A079 114 543

---

CHENG JIAN ZHENG v. HOLDER,                              09-4614-ag
A073 165 181

---

XIAO YAN WU, A.K.A. XIAOYAN WU
v. HOLDER,                                                09-4883-ag
A075 955 399

---

XIU ZHEN YU, HAI HUA WANG, HUI WANG v.
HOLDER,                                                   09-4995-ag
A093 394 067
A093 394 068
A076 143 077

---

YU HUA ZHANG v. HOLDER,                                   09-5036-ag
A093 412 580

---

HUA QIN LIN, TIAN HUA CHEN v. HOLDER,                    09-5094-ag
A099 927 231
A099 927 232

---

GUI HUA LIN v. HOLDER,                                        10-91-ag
A070 505 399

---

WEN JING XU, GUAN HUA LI v. HOLDER,                          10-95-ag
A097 976 656
A097 976 657

---

02222011-1-28

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA either affirming the decision of an immigration judge ("IJ") denying asylum and related relief or reversing the IJ's decision granting relief. Some of the petitioners[2] also challenge decisions of the BIA denying motions to remand or reopen. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, sought relief from removal based on their claim that they fear persecution because they have had one or more children in violation of China's population control program. For largely

---

[2]Petitioner Ziquang Guo in *Jia Jia Zhang, Ziquang Guo* v. Holder, Nos. 07-4697-ag (L), 09-4195-ag (Con); and the petitioners in *Shu Wen Jiang v. Holder*, No. 08-2215-ag; Xiu *Yu Lin v. Holder*, No. 08-4086-ag; *Hong Wu v. Holder*, No. 08-5398-ag; *Hong Mei Shi v. Holder*, No. 09-3285-ag; and *Shu Ying Wu v. Holder*, No. 09-4500-ag.

the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's decisions. *See id.* at 158-72. Although the petitioners in *Jian Hui Shao* were from Fujian Province, as are most of the petitioners here, some petitioners[3] are from Zhejiang, Guangdong, and Henan Provinces. Regardless, as with the evidence discussed in *Jian Hui Shao*, the evidence they have submitted relating to Zhejiang, Guangdong, and Henan Provinces either does not discuss forced sterilizations or references isolated incidents of persecution of individuals who are not similarly situated to the petitioners. *See id.* at 160-61, 171-72.

Some of the petitioners[4] argue that the BIA erred by

---

[3]The petitioners in *Qing Yan Lin, Fei Qiang Gan v. Holder*, No. 09-3225-ag; *Jingre Wang v. Holder*, No. 09-3287-ag; *Xiu Zhen Yu, Hai Hua Wang, Hui Wang v. Holder*, No. 09-4995-ag; and *Wen Jing Xu, Guan Hua Li v. Holder*, No. 10-95-ag.

[4]The petitioners in *Yi Di Jiang, Jian Qing Zheng v. Holder*, No. 08-0123-ag; *Shu Wen Jiang v. Holder*, No. 08-2215-ag; *Peng Fei Liu v. Holder*, No. 08-4590-ag; *Ru-Zhen Zheng v. Holder*, No. 08-6125-ag; *Duan Lin v. Holder*, No. 09-1088-ag; *Hong Mei Shi v. Holder*, No. 09-3285-ag; *Jingre Wang v. Holder*, No. 09-3287-ag; *Lan Fang Huang v. Holder*, No. 09-4004-ag; *Dan Yun Chen v. Holder*, No. 09-4073-ag; *Shu Ying Wu v. Holder*, No. 09-4500-ag; *Hua Zheng v. Holder*, No. 09-4576-ag; *Yu Hua Zhang v. Holder*, No. 09-5036-ag; *Hua Qin Lin, Tian Hua Chen v. Holder*, No. 09-5094-ag; *Gui Hua Lin v. Holder*, No. 10-91-ag; *Wen Jing Xu, Guan Hua Li v. Holder*, No. 10-95-ag; and *LiShuang Pan v. Holder*, No. 10-517-ag. We need not consider the argument raised in *Hong Wu v. Holder*, No. 08-5398-ag, that the BIA engaged in improper *de novo* review in deeming petitioner's application for asylum untimely filed because the BIA alternatively adopted and affirmed the IJ's reasonable finding that petitioner failed to establish his eligibility for that form of relief.

improperly conducting *de novo* review of determinations made by an IJ. Many of them rely on a decision of the Third Circuit, ruling, in the context of a claim under the Convention Against Torture ("CAT"), that, although the BIA may review *de novo* conclusions of law as to whether the facts found satisfy a particular legal standard, it must employ a clear error standard in reviewing findings of fact, including predictions of future events. *See Kaplun v. Attorney General*, 602 F.3d 260 (3d Cir. 2010). Their claims lack merit. The BIA has not reviewed *de novo* any of the IJs' factual findings. Instead, the BIA has concluded, on *de novo* review, that the factual findings do not meet the legal standard of an objectively reasonable fear of persecution, in these cases, a fear of forced sterilization or economic persecution. That approach is entirely consistent with the applicable regulation, 8 C.F.R. § 1003.1(d)(3). *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear").

Some of the petitioners[5] argue that the agency applied an incorrect burden of proof by requiring them to establish a certainty of persecution. To the contrary, in those cases, the agency explicitly applied the appropriate well-founded fear of persecution standard. *See Jian Hui Shao*, 546 F.3d at 156.

Some of the petitioners[6] argue that the BIA failed to give sufficient consideration to the statement of Jin Fu Chen, who alleged that he suffered forced sterilization after his return to China based on the births of his two children in Japan. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since the remand in *Zheng*, the BIA has repeatedly

---

[5]The petitioners in *Ru-Zhen Zheng v. Holder*, No. 08-6125-ag; *Duan Lin v. Holder*, No. 09-1088-ag; *Xiu Zhen Yu, Hai Hua Wang, Hui Wang v. Holder*, No. 09-4995-ag; and *Gui Hua Lin v. Holder*, No. 10-91-ag.

[6]The petitioners in *Xiu Yu Lin v. Holder*, No. 08-4086-ag; *Hong Wu v. Holder*, No. 08-5398-ag; *Duan Lin v. Holder*, No. 09-1088-ag; *Hong Mei Shi v. Holder*, No. 09-3285-ag; *Jingre Wang v. Holder*, No. 09-3287-ag; *Dan Yun Chen v. Holder*, No. 09-4073-ag; *Shu Ying Wu v. Holder*, No. 09-4500-ag; *Hua Zheng v. Holder*, No. 09-4576-ag; *Xiao Yan Wu v. Holder*, No. 09-4883-ag; *Xiu Zhen Yu, Hai Hua Wang, and Hui Wang v. Holder*, No. 09-4995-ag; *Yu Hua Zhang v. Holder*, No. 09-5036-ag; and *Hua Qin Lin, Tian Hua Chen v. Holder*, No. 09-5094-ag.

concluded that Jin Fu Chen's statement does not support a claim of a well-founded fear of persecution. Accordingly, it is clear that further consideration of the statement in cases in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). Furthermore, the agency's conclusion concerning the probative force of the statement was not in error.

In *Rong Chen v. Holder*, No. 09-1948-ag and *Gui Hua Lin v. Holder*, No. 10-91-ag, the BIA did not err in summarily denying petitioners' claims for withholding of removal or CAT relief based on their failure to demonstrate their eligibility for asylum because the claims shared the same factual predicates. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). In *Er Chen v. Holder*, No. 09-2800-ag, the agency did not err in declining to credit petitioner's unauthenticated evidence in light of an underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007). In *Wen Jing Xu, Guan Hua Li v. Holder*, No. 10-95-ag, although the BIA may have erred in failing to explicitly consider a letter from petitioners' relative stating that officials informed her that the family planning policy would

apply to the petitioners and that sterilizations are performed by force, remand for consideration of this letter would be futile because we can confidently predict that the BIA would find insufficient this unsworn, second-hand account, particularly in light of the BIA's reasonable finding that the country conditions evidence in the record did not indicate that force is used to enforce the family planning policy in petitioners' home province.  *See Shunfu Li*, 529 F.3d at 150; *cf. Jian Hui Shao*, 546 F.3d at 159-61 (concluding that the BIA does not err in finding that isolated or unattributed reports of forced sterilizations are insufficient to demonstrate a well-founded fear of persecution in light of significant country conditions evidence to the contrary).  In *LiShuang Pan v. Holder*, No. 10-517-ag, we find no merit to petitioner's argument that he established his eligibility for relief based on his use of a smuggler to depart China and enter the United States illegally.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).

For the foregoing reasons, these petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these

petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk