10-2797-ag
Wu v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand twelve.

PRESENT:
           DENNIS JACOBS,
                 *Chief Judge*,
           JON O. NEWMAN,
           PIERRE N. LEVAL,
                 *Circuit Judges*.

------------------------------------------------

XIU QIN HUANG v. HOLDER,[1]                    08-5530-ag
A077 958 016

------------------------------------------------

YAO LING WANG, XIAO GAO v. HOLDER,            10-291-ag
A088 378 231
A088 378 232

------------------------------------------------

XUE QIN LIN v. U.S. DEP'T OF JUSTICE,
ERIC H. HOLDER, JR.,                          10-321-ag
A099 083 219

------------------------------------------------

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as respondent where necessary.

09262011-1-28

ZHONG LIN JIANG v. HOLDER,
A099 697 058                                              10-460-ag

_____

YUE JIN LIU v. HOLDER,
A088 530 507                                              10-843-ag

_____

QIN LIN v. HOLDER,
A088 377 936                                              10-923-ag

_____

YING WANG v. HOLDER,
A088 378 141                                              10-947-ag

_____

JIAN XIN GAO v. HOLDER,
A089 253 260                                              10-1022-ag

_____

XIU QIN CHEN v. HOLDER,
A098 480 124                                              10-1031-ag

_____

XIAO JING XIA, CHANG GUANG DONG
v. HOLDER,                                                10-1036-ag
A098 973 227
A098 902 360

_____

YIN YING CAO v. HOLDER,
A099 927 142                                              10-1171-ag

_____

MEI RU LIN v. HOLDER,
A098 279 231                                              10-1268-ag

_____

XIU FANG CHEN, A.K.A. JIN FANG CHEN
v. HOLDER,                                                10-1291-ag
A088 380 456

_____

09262011-1-28

MEI ZHU LIN v. HOLDER,
A093 396 857                                      10-1292-ag

_____

ZHU CHAO WANG v. HOLDER,
A089 253 373                                      10-1293-ag

_____

QIN PING LIN, FEI GUAN v. HOLDER,                 10-1422-ag
A090 347 257
A090 347 258

_____

LIN FEI XIE v. HOLDER,
A099 683 978                                      10-1424-ag

_____

AI QIN SHI, A.K.A. XI LEI YANG, YONG
JIE LIU v. HOLDER,                                10-1837-ag
A089 252 403
A089 252 404

_____

XIU JIANG HUANG v. HOLDER,
A088 524 966                                      10-1895-ag

_____

YU PING BAO v. HOLDER,                            10-1902-ag (L);
A098 419 779                                      11-843-ag (Con)

_____

YONG CHEN v. HOLDER,
A070 898 117                                      10-1998-ag

_____

XUE M. ZHENG v. HOLDER,
A088 530 523                                      10-2013-ag

_____

XIAODAN XU v. HOLDER,
A099 424 976                                      10-2249-ag

_____

09262011-1-28

```
QIAO RONG LIN v. HOLDER,                          10-2400-ag
A099 927 241

_____

SAIHU WANG v. HOLDER,                             10-2656-ag
A096 808 755

_____

JIANDAN WU, ZHIXIANG CHENG v. HOLDER,            10-2797-ag
A088 552 425
A099 186 862

_____

QIU YUN NI v. HOLDER                              10-3336-ag
A089 253 069

_____
```

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA either affirming the decision of an immigration judge ("IJ") denying asylum and related relief or reversing the IJ's decision granting relief. Some of the petitioners[2] also challenge decisions of the BIA denying motions to remand or reopen. The applicable standards of review are well-

---

[2]The Petitioners in *Zhong Lin Jiang v. Holder*, No. 10-460-ag; *Qin Lin v. Holder*, No. 10-923-ag; and *Yu Ping Bao v. Holder*, Nos. 10-1902-ag (L), 11-843-ag (Con).

established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, sought relief from removal based on their claims that they fear persecution because they have had one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's decisions. *See id.* at 158-72. While the petitioners in *Jian Hui Shao* were from Fujian Province, as are most of the petitioners here, some petitioners[3] are from Zhejiang Province. Regardless, as with the evidence discussed in *Jian Hui Shao*, the evidence they have submitted relating to Zhejiang Province is deficient either because it does not discuss forced sterilizations or because it references isolated incidents of persecution of individuals who are not similarly situated to the petitioners. *See id.* at 160-61, 171-72.

---

[3]The petitioners in *Xiao Jing Xia, Chang Guang Dong v. Holder*, No. 10-1036-ag; *Lin Fei Xie v. Holder*, No. 10-1424-ag; *Saihu Wang v. Holder*, No. 10-2656-ag; and *Jiandan Wu, Zhixiang Cheng v. Holder*, No. 10-2797-ag.

Some of the petitioners[4] argue that the BIA erred by improperly conducting *de novo* review of determinations made by an IJ. Many of them rely on a decision of the Third Circuit, ruling, in the context of a claim under the Convention Against Torture ("CAT"), that, although the BIA may review *de novo* conclusions of law as to whether the facts found satisfy a particular legal standard, it must employ a clear error standard in reviewing findings of fact, including predictions of future events. *See Kaplun v. Attorney General*, 602 F.3d 260 (3d Cir. 2010). Their claims lack merit. The BIA has not reviewed *de novo* any of the IJs' factual findings. Instead, the BIA has concluded, on *de novo* review, that the factual findings do not meet the legal standard of an objectively reasonable fear of persecution, in these cases, a fear of forced sterilization or economic persecution. That approach is entirely consistent with the applicable regulation, 8 C.F.R. § 1003.1(d)(3). *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo*

---

[4]The petitioners in *Zhong Lin Jiang v. Holder*, No. 10-460-ag; *Yue Jin Liu v. Holder*, No. 10-843-ag; *Yin Ying Cao v. Holder*, No. 10-1171-ag; *Xiu Fang Chen v. Holder*, No. 10-1291-ag; *Mei Zhu Lin v. Holder*, No. 10-1292-ag; *Qin Ping Lin, Fei Guan v. Holder*, No. 10-1422-ag; *Lin Fei Xie v. Holder*, No. 10-1424-ag; *Ai Qin Shi, Yong Jie Liu v. Holder*, No. 10-1837-ag; *Xiu Jiang Huang v. Holder*, No. 10-1895-ag; *Yu Ping Bao v. Holder*, Nos. 10-1902-ag (L), 11-843-ag (Con); *Yong Chen v. Holder*, No. 10-1998-ag; and *Qiu Yun Ni v. Holder*, No. 10-3336-ag.

review of the IJ's factual findings by making "a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear").

Some of the petitioners[5] argue that the BIA failed to give sufficient consideration to the statement of Jin Fu Chen, who alleged that he suffered forced sterilization after his return to China based on the births of his two children in Japan. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since the remand in *Zheng*, the BIA has repeatedly concluded that Jin Fu Chen's statement does not support a claim of a well-founded fear of persecution. Accordingly, it is clear that further consideration of the statement in cases

---

[5]The petitioners in *Xiu Qin Huang v. Holder*, No. 08-5530-ag; *Zhong Lin Jiang v. Holder*, No. 10-460-ag; *Yue Jin Liu v. Holder*, No. 10-843-ag; *Xiao Jing Xia, Chang Guang Dong v. Holder*, No. 10-1036-ag; *Yin Ying Cao v. Holder*, No. 10-1171-ag; *Xiu Fang Chen v. Holder*, No. 10-1291-ag; *Mei Zhu Lin v. Holder*, No. 10-1292-ag; *Zhu Chao Wang v. Holder*, No. 10-1293-ag; *Qin Ping Lin, Fei Guan v. Holder*, No. 10-1422-ag; *Lin Fei Xie v. Holder*, No. 10-1424-ag; *Ai Qin Shi, Yong Jie Liu v. Holder*, No. 10-1837-ag; *Xiu Jiang Huang v. Holder*, No. 10-1895-ag; *Yong Chen v. Holder*, No. 10-1998-ag; and *Qiao Rong Lin v. Holder*, No. 10-2400-ag.

in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). Furthermore, the agency's conclusion concerning the probative force of the statement was not in error. Similarly, contrary to the argument raised in five of these cases,[6] it would be futile to remand for further consideration of the statements of Mei Yun Chen and Jiangzhen Chen, women claiming to have been forcibly sterilized in Fujian Province for violating the family planning policy with the birth of their second children in Romania and Japan respectively, because the BIA has reasonably found that neither woman is similarly situated to Chinese nationals returning to China with U.S. citizen children. *See id.; see also Jian Hui Shao*, 546 F.3d at 155, 161, 171-72.

We are without jurisdiction to consider two of the petitions[7] to the extent they seek review of the agency's pretermission of petitioners' applications for asylum as untimely. *See* 8 U.S.C. § 1158(a)(3).

---

[6]In *Yue Jin Liu v. Holder*, No. 10-843-ag; *Zhu Chao Wang v. Holder*, No. 10-1293-ag; *Qin Ping Lin, Fei Guan v. Holder*, 10-1422-ag; *Ai Qin Shi, Yong Jie Liu v. Holder*, No. 10-1837-ag; and *Yong Chen v. Holder*, No. 10-1998-ag.

[7]The petitions in *Qin Lin v. Holder*, No. 10-923-ag; and *Ying Wang v. Holder*, No. 10-947-ag.

In *Xiu Qin Huang v. Holder*, No. 08-5530-ag, the agency reasonably relied on 2006 and 2007 U.S. Department of State reports as opposed to the outdated 1997 Tantou Town Family Planning Temporary Regulations petitioner submitted. *See Jian Hui Shao*, 546 F.3d at 166. Moreover, it does not appear that the Tantou Town Regulations were material to petitioner's case because the record evidence indicated that she resided and feared persecution in Hunan Town and not Tantou Town. Although petitioner refers to Tantou Town as her "hometown" in her brief, unsworn statements in a brief are not evidence. *See Kulhawik v. Holder*, 596 F.3d 296, 298 (2d Cir. 2009).

In *Zhong Lin Jiang v. Holder*, No. 10-460-ag, the BIA did not err in declining to address the evidence petitioner submitted for the first time on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (BIA 1984). Regardless, the evidence submitted was largely cumulative of the evidence in the record and not materially distinguishable from the evidence discussed in *Jian Hui Shao.* In *Qin Lin v. Holder*, No. 10-923-ag, the BIA similarly did not err when it denied petitioner's motion to remand based on her failure to establish her *prima facie* eligibility for relief. *See Li Yong Cao v. U.S. Dep't of*

-9-

*Justice*, 421 F.3d 149, 156 (2d Cir. 2005); *see also Jian Hui Shao*, 546 F.3d at 165, 172.

In *Ying Wang v. Holder*, No. 10-947-ag, the agency reasonably found speculative the petitioner's claimed fear that she would face persecution based on her intent to join an unregistered church in China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). In *Mei Ru Lin v. Holder*, No. 10-1268-ag, we do not consider petitioner's unexhausted past persecution claim. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). In *Zhu Chao Wang v. Holder*, No. 10-1293-ag, the IJ did not abuse his discretion by declining to admit petitioner's late-filed evidence because that evidence pre-dated the hearing at which he closed the record. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008). In *Yu Ping Bao v. Holder*, Nos. 1902-ag (L), 11-843-ag (Con), the BIA did not err in finding that the petitioner failed to establish her *prima facie* eligibility for relief based on her newly commenced practice of Falun Gong in the United States because she did not submit evidence that authorities in China are aware of or likely to become aware of her activities in the United States. *See Hongsheng Leng*, 528 F.3d at 143.

Finally, in *Jiandan Wu, Zhixiang Cheng v. Holder*, No. 10-2797-ag, petitioners assert the BIA, in ruling that they failed to satisfy the exceptional and extremely unusual hardship requirement, erroneously minimized the impact their removal would have on their U.S. citizen children. The contention is both ineffective and moot. It is ineffective because the challenged decision was discretionary and did not involve a question of law or constitutional claim; our court is therefore without jurisdiction to review it. *See Mendez v. Holder*, 566 F.3d 316, 319-23 (2d Cir. 2009) (citing 8 U.S.C. § 1252(a)(2)(B); *Barco-Sandoval v. Gonzales*, 51 6 F.3d 35, 39 (2d Cir. 2008). The contention is in addition moot because the agency also dispositively denied cancellation of removal, which decision petitioners have not challenged (and which we, in any event, would lack jurisdiction to review because it was a discretionary decision not involving a question of law or constitutional claim. *See id.*).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral

argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk